**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KATHY ARNOLD,

    Plaintiff,

vs.                                                                  CASE NO. 8:13-cv-1032-T-17TEM

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____

## **O R D E R**

       This case is before the Court on Plaintiff's Petition for Attorney Fees (Doc. #16), filed October 7, 2013. Plaintiff's counsel requests an award of $767.50 in attorney fees and $350 in costs pursuant to the Equal Justice Act (hereinafter referred to as EAJA) (Doc. #26 at 1). The Commissioner filed a response on October 16, 2013, indicating no objection to the relief requested (Doc. #19). Thus, this matter is ripe for the Court's consideration.

       Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party." *Shalala v. Schaefer,* 509 U.S. 292, 300-02 (1993). The Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified (Doc. #14). Moreover, Plaintiff's counsel filed a timely application for attorney fees, nothing in the record indicates Plaintiff has a net worth of more than $2,000,000 at the time the complaint was filed, and there are no special circumstances which would make the award unjust. *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 158 (1990).

Counsel for Plaintiff indicates a total of 4.25 hours were expended in the representation of Plaintiff before the Court. Plaintiff requests an hourly rate of $180.59 for services performed in 2013. Plaintiff is seeking a higher hourly fee than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney fee rate was last adjusted by Congress. *See* 28 U.S.C. § 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index, the Court concludes the increases in inflation justify a proportionate increase in attorney fee rates.[1] Accordingly, the Court finds the rates requested by Plaintiff should be allowed.

Therefore, it is hereby **ORDERED:**

1. Plaintiff's Petition for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA") (Doc. #16) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $767.50 for EAJA attorney fees and $350 in costs.

3. The Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of

---

[1] The Court arrived at its conclusions, however, after visiting the following website: www.minneapolisfed.org (last visited October 18, 2013). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States)*.*

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of October, 2013.

*/s/ Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to all counsel of record
and *pro se* parties, if any